**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* [SEALED],<br><br>Plaintiff,<br><br>– Against –<br><br>[SEALED],<br><br>Defendant. | Civil Action No <u>5:25-cv-01021</u> (ECC/ML)<br><br>**FALSE CLAIMS ACT<br>COMPLAINT**<br><br>and<br><br>**JURY DEMAND**<br><br>**[FILED UNDER SEAL]** |

**FILED IN CAMERA AND UNDER SEAL UNDER
31 U.S.C. § 3730(b)(2)
DO NOT POST ON ECF
DO NOT PUT IN PRESS BOX**

Law Offices of Darth M. Newman LLC
1140 Thorn Run Rd, #601
Coraopolis, PA 15108
(412) 436-3443
*Counsel for Plaintiff Relator*

1

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* SIDESOLVE, LLC,<br><br>    *Plaintiff,*<br><br>             v.<br><br>Warren Equity Partners Manager, L.P.; WEP SSP Continuation GP, L.P.; Warren Equity Partners, LLC; WEP Management, LLC; Warren Equity Partners GP II, L.P.; Warren Equity Partners Fund II, L.P.; Warren Equity Partners Fund II-A, L.P.; WEP Hydromax Investment II, LLC; WEP Hydromax Investment LLC; WEP II SIMCO Co-Investment, L.P.; WEP II-A SIMCO Co-Investment, L.P.; WEP IPC Investment, LLC; WEP Second Nature Investment II, LLC; WEP Second Nature Investment, LLC; WEP SSP Continuation L.P.; WEP SSP Continuation-A, L.P.; WEP II Solid Waste Co-Investment, L.P.; WEP II-A Solid Waste Co-Investment, L.P.; WEP SSP Investment LLC; Warren Equity Partners GP II, LLC; Warren Equity Partners Management, LLC; Warren Equity Partners Services LLC; Meridian Waste Acquisitions, LLC; Hydromax USA, LLC; IPC Lydon, LLC; Superior Industrial Maintenance Company, LLC; Ace Environmental Holdings, LLC; and SSP Innovations, LLC; Hydromax Plumbing, LLC,<br><br>    *Defendants.* | Civil Action No <u>5:25-cv-01021</u> (ECC/ML)<br><br>**FALSE CLAIMS ACT**<br>**COMPLAINT**<br><br>and<br><br>**JURY DEMAND**<br><br>**[FILED UNDER SEAL]** |

*Qui tam* plaintiff and Relator Sidesolve LLC, through its undersigned attorney,

hereby brings this action on behalf of the United States of America, against:

2

- Warren Equity Partners Manager, L.P.

- WEP SSP Continuation GP, L.P.

- Warren Equity Partners, LLC

- WEP Management, LLC

- Warren Equity Partners GP II, L.P.

- Warren Equity Partners Fund II, L.P.

- Warren Equity Partners Fund II-A, L.P.

- WEP Hydromax Investment II, LLC

- WEP Hydromax Investment LLC

- WEP II SIMCO Co-Investment, L.P.

- WEP II-A SIMCO Co-Investment, L.P.

- WEP IPC Investment, LLC

- WEP Second Nature Investment II, LLC

- WEP Second Nature Investment, LLC

- WEP SSP Continuation L.P.

- WEP SSP Continuation-A, L.P.

- WEP II Solid Waste Co-Investment, L.P.

- WEP II-A Solid Waste Co-Investment, L.P.

- WEP SSP Investment LLC

- Warren Equity Partners GP II, LLC

- Warren Equity Partners Management, LLC

- Warren Equity Partners Services LLC

- Meridian Waste Acquisitions, LLC

- Hydromax USA, LLC

- IPC Lydon, LLC

- Superior Industrial Maintenance Company, LLC

- Ace Environmental Holdings, LLC; and SSP Innovations, LLC

- Hydromax Plumbing, LLC.

The claims asserted in this Complaint are based on Defendant(s) submitting, or causing to be submitted, materially false applications for Paycheck Protection Program ("PPP") loan and related forgiveness despite not qualifying for the loans and/or forgiveness of the loans. Defendants' applications included materially false statements or material omissions about the existence of affiliated employees, the fact that Defendants do not qualify as "small" under the relevant SBA standards and alternative size standards, the lack of need for the capital infusion, and the inability to access alternative sources of capital.

The subject PPP loan applications were approved for a total amount of **$17,665,948** and were forgiven for a total amount of **$16,384,771** that would not otherwise have been paid but for the false claims described herein. The claims are based on the facts and information set forth below.

4

**TABLE OF CONTENTS**

**NATURE OF THE CLAIM** .................................................................................................**6**

**PARTIES**............................................................................................................................**6**

    A.  Relator – Sidesolve LLC.................................................................................. 6

    B.  Warren Equity Partners................................................................................. 6

    C.  Meridian Waste Acquisitions LLC.................................................................. 8

    D.  Hydromax USA, LLC ...................................................................................... 9

    E.  IPC Lydon, LLC ............................................................................................. 9

    F.  Superior Industrial Maintenance Company LLC........................................... 9

    G.  Ace Environmental Holdings, LLC................................................................10

    H.  SSP Innovations, LLC....................................................................................10

    I.  Hydromax Plumbing, Inc..............................................................................11

**JURISDICTION AND VENUE**............................................................................................**11**

**FACTS** .............................................................................................................................**12**

  I.  Governing Law.................................................................................................12

    A.  The Federal False Claims Act ........................................................................12

    B.  The Paycheck Protection Program ...............................................................13

  II.  Violations of the False Claims Act ...................................................................17

    A.  PPP Loan Applications ..................................................................................17

    B.  Knowingly False Statements.........................................................................18

    C.  Liability of WEP............................................................................................21

**CAUSES OF ACTION**.....................................................................................................**22**

## NATURE OF THE CLAIM

1.      Relator sues Defendants to recover treble damages and civil penalties on behalf of the United States of America for Defendants' false applications for a PPP loan and forgiveness which information was submitted in whole or in part to the Small Business Administration ("SBA") by and through various banking institutions.

2.      Defendants knew the PPP loan and forgiveness applications did not meet the established criteria set by the SBA to obtain the PPP loan or forgiveness funds.

3.      Defendants engaged in the submission of false claims to the United States in violation of the False Claims Act, 31 U.S.C. § 3729 *et seq.* ("FCA").

## PARTIES

### A.      Relator – Sidesolve LLC

4.      Sidesolve LLC is a company that uses data to investigate large-scale corporate fraud. Its goal is to use this technology to protect individuals on private healthcare plans, and it is currently developing its technology using both privately purchased and public databases. It uses data science to match entities across databases, social media, and other sources. From this broader picture, it finds fraud leads, which it follows up with a more traditional manual investigation.

### B.      Warren Equity Partners

5.      Warren Equity Partners ("WEP") is the brand or trade name for a family of companies which together own and/or control the other named Defendants herein.

6

6.      The family of entities which compose WEP include the below named entities each of which is a named Defendant herein. WEP has offices in Houston, New York City, Jacksonville, Florida, and London and its constituent U.S. entities are organized under the laws of the state of Delaware.

a.  Warren Equity Partners Manager, L.P.

b.  WEP SSP Continuation GP, L.P.

c.  Warren Equity Partners, LLC

d.  WEP Management, LLC

e.  Warren Equity Partners GP II, L.P.

f.  Warren Equity Partners FUND II, L.P.

g.  Warren Equity Partners Fund II-A, L.P.

h.  WEP Hydromax Investment II, LLC

i.  WEP Hydromax Investment LLC

j.  WEP II SIMCO Co-Investment, L.P.

k.  WEP II-A SIMCO Co-Investment, L.P.

l.  WEP IPC Investment, LLC

m. WEP Second Nature Investment II, LLC

n.  WEP Second Nature Investment, LLC

o.  WEP SSP Continuation L.P.

p.  WEP SSP Continuation-A, L.P.

q.  WEP II Solid Waste Co-Investment, L.P.

r.  WEP II-A Solid Waste Co-Investment, L.P.

s.  WEP SSP Investment LLC

7

      t.   Warren Equity Partners GP II, LLC

      u.   Warren Equity Partners Management, LLC

      v.   Warren Equity Partners Services LLC

7.      Together, and at all times relevant here, WEP owned, controlled, and/or directed the business activities (or owned and/or controlled other entities which did so) of Defendant portfolio companies Meridian Waste Acquisitions, LLC; Hydromax USA, LLC; IPC Lydon, LLC; Superior Industrial Maintenance Company, LLC; Ace Environmental Holdings, LLC; and SSP Innovations, LLC which each applied for and obtained PPP loan funds and forgiveness to which they were not entitled or eligible.

8.      Additionally, upon information and belief, WEP owned, controlled, and/or directed the business activities (or owned and/or controlled other entities which did so) of Defendant portfolio company Hydromax Plumbing, Inc. which applied for and obtained PPP loan funds and forgiveness to which it was not entitled or eligible.

**C.     Meridian Waste Acquisitions LLC**

9.      Meridian Waste Acquisitions LLC is a limited liability company organized under the laws of the state of Delaware with a principle business location at 5925 Carnegie Boulevard, Charlotte, NC 28209.

10.      Meridian Waste Acquisitions took a first round PPP loan in the amount of $5,646,400 and then forgiveness of $5,722,470 to which it was not entitled.

11.      Meridian Waste Acquisitions was owned and/or controlled by WEP at the time its loan and forgiveness were approved.

8

**D.**    **Hydromax USA, LLC**

12.    Hydromax USA, LLC is a limited liability company organized under the laws of the state of Indiana with a principal address of 3700 River Walk Drive, Suite 145, Flower Mound, TX 75028.

13.    Hydromax USA took a first round PPP loan in the amount of $4,753,800 and then forgiveness of $4,807850 to which it was not entitled.

14.    Hydromax USA was owned and/or controlled by WEP at the time its loan and forgiveness were approved.

**E.**    **IPC Lydon, LLC**

15.    IPC Lydon is a limited liability company organized under the laws of the state of Massachusetts with a principal address at of 284 Bodwell St, Avon, MA.

16.    IPC Lydon took a First Round PPP loan in the amount of $3,127,512 and then forgiveness of $3,162,729 to which it was not entitled.

17.    IPC Lydon was owned and/or controlled by WEP at the time the loan was approved and upon information and belief was owned and/or controlled by WEP at the time forgiveness was approved as well.

**F.**    **Superior Industrial Maintenance Company LLC**

18.    Superior Industrial Maintenance Company, LLC is a limited liability company organized under the laws of the state of North Carolina with a principal address at 4801 Stough Road, Concord, NC 28027.

19.     Superior Industrial Maintenance Company took a PPP loan in the amount of $1,759,300 and then forgiveness in the amount of $1,779,158 to which it was not entitled.

20.     Superior Industrial Maintenance Company was owned and/or controlled by WEP at the time the loan and forgiveness were approved.

**G.     Ace Environmental Holdings, LLC**

21.     Ace Environmental Holdings, LLC is a limited liability company organized under the laws of the state of Massachusetts with a principal address of 4420 East Eager Street, Baltimore, MD 21205.

22.     Ace Environmental Holdings took a Second Draw PPP loan in the amount of $568,740 and then forgiveness in the amount of $576,469 to which it was not entitled.

23.     Ace Environmental Holdings was owned and/or controlled by WEP at the time the loan and forgiveness were approved.

**H.     SSP Innovations, LLC**

24.     SSP Innovations is a limited liability company organized under the laws of the state of Colorado with a principal address of 6766 S Revere Pkwy Ste 100, Centennial, CO 80112.

25.     SSP Innovations took a PPP loan in the amount of $1,475,996 to which it was not entitled.

26.     SSP Innovations was owned and/or controlled by WEP at the time the loan was approved.

**I.      Hydromax Plumbing, Inc.**

27.     Hydromax Plumbing, Inc. is a corporation organized under the laws of the state of Indiana with a principal office located at 2501 S Kentucky Ave, Evansville, IN.

28.     Hydromax Plumbing took a PPP loan in the amount of $334,200 and then forgiveness in the amount of $336,095 to which it was not entitled.

29.     Upon information and belief, Hydromax Plumbing was owned and/or controlled by WEP at the time the loan and forgiveness were approved.

## JURISDICTION AND VENUE

30.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1345 because this action involves a federal question and the United States is plaintiff. This Court also has subject matter jurisdiction under 31 U.S.C. § 3732(a).

31.     The Court may exercise personal jurisdiction over Defendants under 31 U.S.C. § 3732(a). The Court has personal jurisdiction over Defendants because, by virtue of the scheme described herein, they transact business within this District.

32.     Venue is proper in this District under 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391(b) & (c) because Defendants transact business or can be found within this District and a substantial part of the events establishing the alleged claims arose in this District.

33.     Under 31 U.S.C. § 3730(b)(2), this Complaint was filed in camera and under seal and shall not be served on Defendants until the Court so orders.

11

34.     In particular, IPC Lydon obtained its PPP loan through M&T Bank which is headquartered in Buffalo, New York.

## FACTS

### I.     Governing Law

#### A.     The Federal False Claims Act

35.     The FCA imposes liability upon any person who "knowingly presents, or causes to be presented [to the Government] a false or fraudulent claim for payment or approval," "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim," or conspires to do so.  31 U.S.C. § 3729(a)(1).

36.     As of the date of filing, any person found to have violated these provisions is liable for a civil penalty of not less than $14,308 and not more than $28,619 for each such violation, plus three times the damage sustained by the Government.

37.     The FCA imposes liability where conduct is "in reckless disregard of the truth or falsity of the information" and clarifies that "no proof of specific intent to defraud is required." 31 U.S.C. § 3729(b).

38.     The FCA also broadly defines a "claim" to include "any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property, that - ... is made to a contractor, grantee, or other recipient if the money or property is to be spent or used on the

12

Government's behalf or to advance a Government program or interest … " 31 U.S.C. § 3729(b)(2)(A).

39.     The FCA empowers private persons having information regarding a false or fraudulent claim against the Government to sue on behalf of the Government and to share in any recovery. The complaint must be filed under seal without service on any defendant. The complaint remains under seal while the Government conducts an investigation of the allegations and determines whether to intervene. 31 U.S.C. §3730(b).

**B.      The Paycheck Protection Program**

40.     The Paycheck Protection Program ("PPP") is the United States Government business loan program established in 2020 through the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") to help certain businesses, self-employed workers, sole proprietors, certain nonprofit organizations, veterans' organizations, and tribal businesses to continue paying their workers. The program is implemented by the U.S. Small Business Administration ("SBA").

41.     The PPP allowed qualified entities to apply for low-interest private loans to pay for their payroll and certain other operating costs. Under the PPP, the allowable

amount of a PPP loan was calculated based on the borrowing entity's average monthly payroll costs multiplied by 2.5.[1]

42.    The PPP loan had to be used to cover payroll costs, rent, interest, and utilities.

43.    The loan may be partially or fully forgiven if the business keeps its employee counts and employee wages stable.

44.    The deadline for entities to apply for a PPP loan was initially June 30, 2020, which was later extended to August 8, 2020.

45.    The PPP was reopened on January 11, 2021. The Program ended on May 31, 2021.[2]

46.    The PPP was added under Section 1102 of the CARES Act by amending Section 7(a) of the Small Business Act, 15 U.S.C. § 636(a) *et seq.*, which temporarily permitted the SBA to guarantee 100 percent of the PPP loans.

---

[1] *See* How to Calculate Maximum Loan Amounts – by Business Type, U.S. Small Business Administration, (Jun. 26, 2020) https://www.sba.gov/sites/default/files/2020-06/How-to-Calculate-Loan-Amounts-508_1.pdf (last visited September 7, 2022).

[2] *See* Paycheck Protection Program, U.S. SMALL BUSINESS ADMINISTRATION, https://www.sba.gov/funding-programs/loans/covid-19-relief-options/paycheck-protection-program (last visited Dec. 9, 2021).

47.    Section 1106 of the CARES Act, which also amended Section 7(a), further provides for forgiveness of up to the full principal amount of qualifying loans guaranteed under the PPP.

### i.    *Affiliation Rules*

48.    The PPP loan program was designed and intended to benefit small businesses.

49.    For the purposes of first round PPP loans, the relevant statutes and regulations defined small businesses as those entities with 500 or fewer employees.

50.    SBA's existing affiliation rules apply to the PPP loan program's definition of small businesses. In other words, all employees of the entities under the same ownership or control "count" towards the 500-employee limit.

51.    13 C.F.R. 121.106 (a) sets out how the SBA calculates the number of employees, in pertinent part, as follows:

> (a) In determining a concern's number of employees, SBA counts all individuals employed on a full-time, parttime, or other basis. This includes employees obtained from a temporary employee agency, professional employer organization or leasing concern. SBA will consider the totality of the circumstances, including criteria used by the IRS for Federal income tax purposes, in determining whether individuals are employees of a concern.

52.    The SBA repeatedly clarified that the affiliation rules at 13 C.F.R. § 121.301(f) applied to PPP loans and that for the purposes of counting employees, all foreign and domestic affiliated employees **must** be counted. For example, the SBA's March 12, 2021, FAQs included question 44 on this topic:

44. **Question:** How do SBA's affiliation rules at 13 C.F.R. 121.301(f) apply with regard to counting the employees of foreign and U.S. affiliates?

**Answer:** For purposes of the PPP's 500 or fewer employee size standard (or 300 employee size standard for Second Draw PPP Loans and certain entities for First Draw PPP Loans), an applicant **must count all of its employees and the employees of its U.S and foreign affiliates**, absent a waiver of or an exception to the affiliation rules. 13 C.F.R. 121.301(f)(6). Business concerns seeking to qualify for a First Draw PPP Loan as a "small business concern" under section 3 of the Small Business Act (15 U.S.C. 632) on the basis of the employee-based size standard must do the same.

March 12, 2021 SBA FAQs (emphasis added).

53.    The applicable affiliation rules appear at 13 C.F.R. § 121.301.

Concerns and entities are affiliates of each other when one controls or has the power to control the other, **or a third party or parties controls or has the power to control both**. It does not matter whether control is exercised, so long as the power to control exists.

13 C.F.R. § 121.301(f) (emphasis added).

For determining affiliation based on equity ownership, a concern is an affiliate of an individual, concern, or entity that owns or has the power to control more than 50 percent of the concern's voting equity.

13 C.F.R. § 121.301(f)(1).

54.    The affiliation rules presented a special problem for certain industries which typically organize themselves as several nominally individual businesses owned or controlled by a single entity.

55.    To address this reality, Congress provided statutory carveouts for certain parts of the hospitality industry and some franchise businesses. *See* 15 U.S.C. § 636(A)(36)(D)(iv).

16

56.     Importantly, no such carveout exists for any of the Defendants named herein.

57.     The SBA often specifically warned potential borrowers that civil and criminal liability could attach to false applications. *See e.g.,* 85 Fed. Reg. 20811 at 20814 (April 15, 2020).

## II.     Violations of the False Claims Act

58.     Defendants violated the False Claims Act by submitting materially false applications and supporting materials in connection with applications for PPP loans and then forgiveness of those loans.

### A.     PPP Loan Applications

59.     Defendants applied for and obtained a series of PPP loans and then forgiveness of those loans to which they were not entitled.

60.     The below chart displays the name of the company, the date PPP loans were issued to them, the amount of any PPP loans, the dates and amounts of any forgiveness, and the number of jobs the company reported in connection with each loan.

| Company | Loan Date | Amount | Forgiveness Date | Forgiveness Amount | Reported Employees |
|---|---|---|---|---|---|
| Meridian Waste | Apr 9, 2020 | $5,646,400 | Aug 13, 2021 | $5,722,470 | 384 |

| Company | Loan Date | Amount | Forgiveness Date | Forgiveness Amount | Reported Employees |
|---|---|---|---|---|---|
| Acquisitions LLC | | | | | |
| Hydromax USA LLC | Apr 11, 2020 | $4,753,800 | Jun 11, 2021 | $4,807,850 | 424 |
| IPC Lydon, LLC | Apr 13, 2020 | $3,127,512 | Jun 9, 2021 | $3,162,729 | 196 |
| Superior Industrial Maintenance Company LLC | Apr 14, 2020 | $1,759,300 | Jun 11, 2021 | $1,779,158 | 203 |
| Ace Environmental Holdings LLC | Feb 11, 2021 | $568,740 | Jul 19, 2021 | $576,469 | 26 |
| SSP Innovations, LLC | Apr 11, 2020 | $1,475,996 | -- | -- | 99 |
| Hydromax Plumbing Inc | Apr 11, 2020 | $334,200 | Nov 17, 2020 | $336,095 | 28 |
| **TOTALS** | | **$17,665,948** | | **$16,384,771** | **1360** |

### B.    Knowingly False Statements

61.    Each of the above-described PPP loan and forgiveness applications

constitute false claims.

62.    Each of the above-described PPP loan and forgiveness applications are

false because they make, at a minimum, the below false statements:

a.  The number of jobs reported do not account for the SBA's affiliation rules and thereby meaningfully and falsely underreport the number of jobs or employees at issue;

b.  Upon information and belief, the applications falsely attest that each company lacks access to other sources of liquidity; and

c.  Upon information and belief, the applications falsely attest to compliance with the PPP program and entitlement to the PPP loan and forgiveness funds.

i.  *Too Many Employees*

63.  In reality, each of the Defendant companies that obtained PPP loans are affiliated with each other and with WEP as the word "affiliation" is defined and used in the relevant SBA regulations.

64.  Counting only the employees listed in the applications listed above Defendants have at least 1,360 employees and none of them can qualify for PPP loan funds or forgiveness.

65.  In addition, through WEP, each Defendant was affiliated with additional employees.

66.  As a result, none of the Defendant Companies that applied for and received PPP and forgiveness monies qualified for PPP forgiveness making each of the applications false at least insofar as each reported or attested to compliance with the PPP loan and forgiveness program rules, regulations, and laws.

*ii.    NAICS Size Standards*

67.    The SBA's NAICS size standards provide an alternative metric, either a total annual receipts or alternative number of employees, for determining company size for companies in certain NAICS Code categories.

68.    Just as the proper counting of employees must include the employees of all affiliates, so too must any calculation of annual receipts include the revenue of all affiliates. 13 CFR § 121.104.

69.    While some of the Defendant companies claimed NAICS Codes subject to alternative size standards, none of those alternative size standards are met here.

70.    For example, Meridian Waste Acquisitions, LLC claimed NAICS code 562111 (Solid Waste Collection) which has a NAICS revenue standard of $41.5M.

71.    However, just that one company generated more revenue than the standard and several other companies in the portfolio also generated multi-million dollar revenues.

72.    Additionally, the maximum PPP loan amount is 2.5 times the average total monthly payroll costs incurred in the one-year period before the loan origination date.

73.    Defendants together received $17,097,208 in first round PPP loans. That amount divided by 2.5 is $6,838,883, which represents the average total monthly payroll costs. Twelve times this number is $82,066,598 and the total annual payroll for the locations associated with each loan in the affiliated group. If Defendants chose not to

take out the maximum loan amount, it would mean their payroll was even larger. Clearly, if WEP's portfolio companies had a payroll of more than $82M, then their revenue exceeded $41.5 million at the time they applied for PPP loans.

74.     Defendants cannot meet any applicable NAICS size standard here.

75.     Naturally, adding WEP's other sources of affiliated revenue, as required, just emphasizes the point.

76.     Regardless of which standard is applied, Defendants did not qualify for the loans or forgiveness they sought and received.

### C.     Liability of WEP

77.     The collection of corporations, limited liability companies, general partners, and limited partnerships that compose the private equity conglomerate known as WEP owns or controls other funds and entities which themselves own or control various portfolio companies including the Defendant companies that took PPP loans.

78.     It is through this ownership and control that WEP is liable for the false PPP loan and forgiveness applications and monies received by the other named Defendants.

21

## CAUSES OF ACTION

### COUNT I
### Violations of the False Claims Act: Presenting or Causing a False Claim
### (31 U.S.C. § 3729(a)(1)(A))

79.     The foregoing allegations are repeated and realleged as if fully set forth herein.

80.     The False Claims Act, 31 U.S.C. § 3729(a)(1)(A), imposes liability upon those who knowingly present or cause to be presented false claims for payment or approval.

81.     Defendants knowingly and willfully violated the False Claims Act by presenting, or causing to be presented, false claims for payment or approval.

82.     Specifically, and as alleged in more detail above, Defendants presented, or caused to be presented, materially false applications for PPP loan funds and then for forgiveness of the resulting loans.

83.     Defendants certified compliance with applicable PPP laws, rules, and regulations despite not being compliant.

84.     Defendants similarly certified the existence of facts which were not true.

85.     Defendants knew or should have known (as defined in 31 U.S.C. § 3801(a)(5)) that the facts and certifications to which they attested were not true and that they made, presented, or submitted, or caused to be made, false or fraudulent claims for payment to the government.

86.     Each of the applications submitted or caused to be submitted by Defendants is a separate false and fraudulent claim.

22

87.    Defendants presented or caused to be presented these claims knowing their falsity, or in deliberate ignorance or reckless disregard that such claims were false.

88.    The United States was unaware of the foregoing circumstances and conduct of Defendants and, in reliance on said false and fraudulent claims, authorized payments to be made to or on behalf of Defendants, made such payments, and has been damaged.

89.    Because of these false or fraudulent claims submitted or caused to be submitted by Defendants, the United States has been damaged in an amount to be determined at trial.

**COUNT II**
**Violations of the False Claims Act:**
**Making, Using, or Causing to be Used a False Record or Statement**
**(31 U.S.C. § 3729(a)(1)(B))**

90.    The foregoing allegations are repeated and realleged as if fully set forth herein.

91.    The False Claims Act, 31 U.S.C. § 3729(a)(1)(B), imposes liability upon those who knowingly make, use, or cause to be made or used, false records or statements material to a false or fraudulent claim.

92.    Defendants knowingly and willfully violated the False Claims Act by making, using, or causing to be made or used, false records or statements material to false or fraudulent claims.

93.    Specifically, for purposes of obtaining or aiding to obtain PPP loans and then forgiveness of those loans, Defendants made or presented, or caused to be made or presented, to the United States false or fraudulent applications and/or records, knowing these materials to be false or fraudulent, or acting with reckless disregard or deliberate ignorance thereof.

94.    Each application or record submitted to the Government in support of Defendants' above-described false claims is a separate false record or statement and separate violation of 31 U.S.C. § 3729(a)(1)(B).

95.    The United States was unaware of the foregoing circumstances and conduct of Defendants and, in reliance on said false and fraudulent applications and/or records, authorized payments to be made to or on behalf of Defendants, made such payments, and has been damaged.

96.    Because of these false or fraudulent statements submitted or caused to be submitted by Defendants, the United States paid the claims, resulting in damages to the United States in an amount to be determined at trial.

**COUNT III**
**Violations of the False Claims Act: Conspiring to Violate the False Claims Act**
**(31 U.S.C. § 3729(a)(1)(C))**
**(All Defendants)**

97.     The foregoing allegations are repeated and realleged as if fully set forth herein.

98.     The False Claims Act, 31 U.S.C. § 3729(a)(1)(C), imposes liability upon those who conspire to commit a violation of another sub-section of the False Claims Act.

99.     Defendants knowingly, in reckless disregard, and/or in deliberate ignorance of the truth conspired between themselves, with their employees and administrators, and others, to violate the False Claims Act.

100.    Defendants conspired to submit false and fraudulent claims related to their applications for PPP loan and forgiveness funds and the use of those funds.

101.    Defendants did in fact submit false and fraudulent claims for PPP loan funds and forgiveness.

102.    As a consequence of their conspiracies, the United States paid money in connection with the forgiveness of the PPP loan when it would not have but for Defendants' unlawful conduct.

103.    As a result of this conspiracy, and the resulting false or fraudulent claims submitted or caused to be submitted by Defendants, the United States paid the claim(s), resulting in damages to the United States in an amount to be determined at trial.

## COUNT IV
### Violations of the False Claims Act: Obligation to Repay
### (31 U.S.C. § 3729(a)(1)(G))

104. The foregoing allegations are repeated and realleged as if fully set forth herein.

105. The False Claims Act, 31 U.S.C. § 3729(a)(1)(G), imposes liability upon those who knowingly make, use, or cause to be made or used, false records or statements material to an obligation to pay or transmit money or property to the Government, or conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government.

106. Upon receipt of improperly obtained PPP loan forgiveness funds, Defendants had an obligation to repay and refund to the Government the amounts paid by the Government.

107. Defendants knowingly and willfully violated the False Claims Act by failing to so repay or refund the monies received.

108. The United States was unaware of the foregoing circumstances and conduct of Defendants.

109. Had the government been aware of Defendants' knowing false certifications and knowing failure to return overpayments it would have taken steps to recover them.

110.    The United States has been damaged as a result in an amount to be determined at trial.

**WHEREFORE, Relator, on behalf of himself as well as the United States requests the following relief:**

a.  A judgment against Defendants, joint and several, in an amount equal to all damages due to the Government, including treble damages, under the FCA;

b.  A judgment against Defendants, joint and several, for all civil penalties due to the Government for Defendant's violations of the FCA;

c.  That Relator recover from Defendants, joint and several, all costs of this action, with interest, including the cost to the Government for its expenses related to this action;

d.  That Relator recover from Defendants, joint and several, all reasonable attorneys' fees in bringing this action;

e.  That Relator be awarded the maximum amount of the proceeds of this action as allowed under 31 U.S.C. § 3730, and/or any other applicable provision of law;

f.  That a trial by jury be held on all issues so triable;

g.  An award of pre- and post-judgment interest; and

h.  Such other and further relief to Relator and/or the United States of America as this Court may deem just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Under Rule 38 of the Federal Rules of Civil Procedure, Relator hereby demands a trial by jury.

By:

*/s/ Darth M. Newman*

Darth M. Newman
Law Offices of Darth M. Newman LLC
1140 Thorn Run Rd, # 601
Coraopolis, PA 15108
PA ID#: 209448
Telephone:    412-436-3443
Email:         darth@dnewmanlaw.com


*Counsel for Plaintiff Relator*

28